**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PRINCE E. EDWARDS, | No. 15-35611 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-02030-BR |
| v. | |
| MICHAEL GOWER, Asst. Director, operations, Oregon Department of Corrections (ODOC); et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Former Oregon state prisoner Prince E. Edwards appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional violations arising from his conditions of confinement. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment because Edwards failed to raise a genuine dispute of material fact as to whether the frequency with which the prison call center's portable toilets were cleaned denied him the "minimal civilized measure of life's necessities." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation and internal quotation marks omitted); *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (lack of sanitation must be severe and prolonged to constitute an Eighth Amendment violation).

We reject as without merit Edwards' contention that the district court improperly relied on disputed material facts in its ruling.

**AFFIRMED.**

15-35611